SO ORDERED.

SIGNED this 2nd day of January, 2014.


UNITED STATES BANKRUPTCY JUDGE



UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **Deirdra Renee Gause** ) | |
| ) | Case No. 12-80871 |
| Debtor. ) | |
| _____) | |
| ) | |
| Deirdra Renee Gause ) | |
| ) | |
| Plaintiff, ) | Adv. Proc. No. 13-09030 |
| ) | |
| v. ) | |
| ) | |
| **Citifinancial Services, Inc.** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE ADVERSARY PROCEEDING

THIS MATTER came before the Court on November 26, 2013 in Durham, North

Carolina, after due and proper notice to all parties in interest, upon Defendant's Motion to

1

Dismiss. Koury Hicks appeared on behalf of Deirdra Renee Gause, and Ronald Charlot appeared on behalf of Citifinancial Services, Inc. After considering arguments of counsel and the record, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 83.11 entered by the United States District Court for the Middle District of North Carolina. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) which this Court has the jurisdiction to hear and determine. Pursuant to the analysis in *Stern v. Marshall*, ___ U.S. ____, 131 S. Ct. 2594 (2011), this Court may enter a final order in this matter.

## FINDINGS OF FACT

Deirdra Renee Gause ("Plaintiff") owns real property located at 8 Degaulle Place, Durham, North Carolina ("Property") by virtue of a deed recorded in the Durham County Register of Deeds on June 13, 1994. On or about November 29, 2005, Plaintiff executed a note and deed of trust ("Deed of Trust") with Citifinancial Services, Inc. ("Citi") granting Citi a security interest in Plaintiff's Property. Citi recorded the Deed of Trust with the Durham County Register of Deeds on or about December 2, 2005.

Several years later, Plaintiff filed a voluntary chapter 13 petition on June 8, 2012. Shortly thereafter, Plaintiff brought this adversary proceeding on July 10, 2013, alleging that the indexing of the Deed of Trust under "Deirda Gause" as opposed to "Deirdra Gause" renders it unperfected. As such, Plaintiff seeks an order voiding the Deed of Trust, declaring any Citi claim wholly unsecured, and disallowing any Citi claim as untimely filed. In response, Citi filed a

motion to dismiss for failure to plead facts sufficient to state a facially plausible claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

The standard of review on a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the action.[1] *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). All well-pleaded allegations made by the Plaintiff are taken as true and all inferences are liberally construed in the plaintiff's favor. *MacNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The duty of fair notice under Federal Rule of Civil Procedure 8(a)[2] requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

## ANALYSIS

N.C. Gen. Stat. § 47-20(a) provides that "[n]o deed of trust…shall be valid to pass any property as against lien creditors…but from the time of registration thereof." Registration of the instrument is only deemed valid if the instrument is "indexed in a manner to put a reasonably careful and prudent examiner on notice upon inquiry, and, if upon inquiry, the instrument would

---

[1] Federal Rule of Civil Procedure 12(b)(6) is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

[2] Federal Rule of Civil Procedure 8(a) is made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7008.

have been found." N.C. Gen. Stat. § 161-22(h).  Furthermore, "substantial compliance with the indexing statutes" is required in order for a recordation to be effective as notice. *Cuthrell v. Camden Cnty.*, 254 N.C. 181, 184, 118 S.E.2d 601, 603 (1961). The issue in this case is whether it is plausible that Citi's indexing of the Deed of Trust under "Deirda Gause" as opposed to "Deirdra Gause" amounted to a failure to substantially comply with the notice requirement of N.C. Gen. Stat. § 161-22(h). The Court finds that the Plaintiff has failed to plead a facially plausible claim.

This case is similar to *Hinnant v. Philips*, in which the issue was whether a "judgment docketed under the name 'Philips' instead of 'Phillips' nonetheless provided sufficient notice, actual or constructive, to create a valid lien on the subject property." 184 N.C. App. 241, 246, 645 S.E.2d 867, 871 (2007). The *Hinnant* court found that the indexing of the instrument under "Phillips" as opposed to "Phillips" substantially complied with the requirement that the manner of indexing put a reasonably careful and prudent examiner on notice, upon inquiry, of the instrument. *Id.* at 248. Here, as in *Hinnant*, one letter from the middle of the Plaintiff's name was omitted when the instrument was docketed, as it was indexed under "Deirda Gause" as opposed to "Deirdra Gause." From this fact alone, the Court cannot make a reasonable inference that Citi's indexing under "Deirda Gause" amounted to a failure to substantially comply with the notice requirement.[3]

## **CONCLUSION**

---

[3] In Plaintiff's Memorandum in Opposition, Plaintiff relies on "mis-indexing" which led the court in *SunTrust Bank, N.A. v. Macky (In re McCormick)*, 669 F.3d 177 (4th Cir. N.C. 2012), to affirm the avoidance of the subject lien. The facts in *In re McCormick* are clearly distinguishable from the present case, as the ostensible lienholder in *In re McCormick* "did not record its lien *at all*…much less in substantial compliance with the requirements" of recordation. *Id.* at 183 (emphasis in original).

The facts as stated in the complaint, accepted as true, are insufficient to state a claim for relief that is plausible on its face. Accordingly, it is ORDERED and ADJUDGED that Defendant's Motion to Dismiss is GRANTED.

**END OF DOCUMENT**

# SERVICE LIST

Koury Hicks
Attorney for Plaintiff

Ronald A. Charlot,
Attorney for Defendant

Richard M. Hutson, II
Trustee

William Miller
Bankruptcy Administrator